UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAX GARZA,

    Plaintiff,                                        Civil Action No.
                                                      10-CV-11945

vs.

                                                       PAUL D. BORMAN
FREDDIE MAC,                                UNITED STATES DISTRICT JUDGE

    Defendant.
_____/

## **OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

## **I. INTRODUCTION**

This is a real property foreclosure case. Plaintiff Max Garza ("Plaintiff") filed a small claims action against Defendant Federal Home Loan Mortgage Corporation, or Freddie Mac ("Defendant") after Defendant purchased Plaintiff's real property at a foreclosure sale.

Plaintiff filed an "Affidavit and Claim" in a Michigan Small Claims Court on March 3, 2010, which stated:

> They [sic] violated the Michigan foreclosure law on my property in
> Shelby Twp. and subsequently have placed incorrect information on
> my credit report.

Defendant has characterized this sentence as presenting two different claims: (1) violation of Michigan's foreclosure laws; and (2) improper credit reporting.[1] On May 5, 2010, Defendant requested removal from the small claims division to the general civil division in Michigan. Removal

---

[1] Plaintiff has not filed a response or any other motion clarifying his claim. For purposes of this Motion, the Court only has Defendant's characterization.

1

was granted on May 6, 2010. Defendant subsequently removed the case to this Court on May 12, 2010.

Now before the Court is Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. No. 2], filed on July 14, 2010. Plaintiff did not file a response. For the reasons that follow, the Court will grant Defendant's Motion to Dismiss.

## II. BACKGROUND[2]

On May 17, 2006, Plaintiff executed and delivered a mortgage secured by real property located at 55479 Boardwalk Drive, Unit 44, Shelby Township, Michigan 48316. This mortgage was recorded on May 24, 2006, in Liber 17871, Page 152, Macomb County Records, State of Michigan. Plaintiff defaulted on the mortgage payment and foreclosure was commenced. On May 8, 2009, the property was purchased by Defendant at a foreclosure sale. *See* Defendant's Exhibit A - Sheriff's Deed on Mortgage Sale. Defendant requested a summary proceeding to obtain possession of the property on November 18, 2009, after Plaintiff's statutory right of redemption had expired. A hearing was held on December 4, 2009, in which Plaintiff was ordered to vacate by December 14, 2009.

Plaintiff has claimed that Defendant "violated the Michigan foreclosure law," but has not made any further allegation regarding which of Defendant's actions were in violation of the law. There are no facts presented regarding the disputed information on Plaintiff's credit report, aside from the allegation contained in the Affidavit and Claim. Plaintiff seeks monetary damages.

---

[2] The background is taken from Defendant's Motion, because Plaintiff's only pleading is the Affidavit and Claim filed in small claims court. Nevertheless, all factual allegations in Plaintiff's pleading are taken as true for purposes of this motion. *See Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 451-52 (6th Cir. 2003).

2

At the October 13, 2010, federal court hearing on this matter, Plaintiff appeared without counsel. Plaintiff claimed that he had retained and paid for counsel, but no attorney has filed an appearance with this Court as Plaintiff's representative. Nevertheless, Plaintiff proceeded *pro se* at the hearing and attempted to raise several issues in response to Defendant's motion. The Court subsequently took the matter under advisement and encouraged Plaintiff to speak with his attorney and, if he chose to do so, to file a responsive pleading within the next seven days. Currently, Plaintiff has not filed any pleadings with this Court.

### III. LEGAL STANDARD UNDER FED. R. CIV. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). A motion to dismiss tests a plaintiff's claims for facial plausibility, or "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). However, "[a] *pro se* complaint ... must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976)). Still, even under this lenient standard, *pro se* plaintiffs must meet basic pleading requirements and court-imposed deadlines. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Moreover, the leniency granted to *pro se* plaintiffs "does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (2004) (citing *Erwin v. Edwards*, 22 Fed. Appx. 579, 580

(2001)).

## IV. ANALYSIS

### A. Defendant's Arguments

Defendant advances two arguments, one for each of Plaintiff's two claims, in favor of dismissal under Fed. R. Civ. P. 12(b)(6). Defendant argues that Plaintiff's first claim – violation of Michigan's foreclosure laws – is barred by *res judicata* (claim preclusion) because the lawfulness of the foreclosure was previously adjudicated in the summary possession proceeding. Defendant addresses Plaintiff's second claim for improper credit reporting as a cause of action under the Fair Credit Reporting Act ("FCRA"). Defendant argues that this claim should be dismissed because Plaintiff failed to allege that he filed a dispute with a credit reporting agency. Finally, Defendant requests for Plaintiff's claims to be dismissed with prejudice.

### B. Discussion

Defendant's arguments are addressed, in turn, below.

#### 1. Defendant's First Argument

Defendant first argues that Plaintiff's claim for violation of Michigan's foreclosure laws is barred by *res judicata*, because any defenses to the foreclosure sale should have been raised by Plaintiff at the summary possession proceeding in November 2009. *See* 28 U.S.C.S. § 1738; *Executive Art Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 795 (6th Cir. 2004) (noting that "federal courts are required to give the judgments of state courts the same preclusive effect as they are entitled to under the laws of the state rendering the decision[.]"). In determining the preclusive effect of a state court judgment, a federal court must look to that state's law. *Id*. "In Michigan, claim preclusion 'bars a second, subsequent action when (1) the prior action was decided on the

merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.'" *Id.* (citing *Adair v. State*, 470 Mich. 105, 121 (2004)).

Defendant fails to mention in its brief that Michigan courts recognize a statutory exception to *res judicata* in the case of summary proceedings. *See* M.C.L. § 600.5750; *Sewell v. Clean Cut Mgmt.*, 463 Mich. 569, 576 (2001) (recognizing "that the legislative intent for this exception was to remove the incentive for attorneys to 'fasten all other pending claims to swiftly moving summary proceedings'") (citing *J.A.M. Corp. v. AARO Disposal, Inc.*, 461 Mich. 161, 167 (1999)). Claims are not precluded on the basis that they *could have* been brought in the earlier proceeding. Instead, *res judicata* only applies to claims *actually litigated* in a summary proceeding.

At the October 13, 2010, hearing on this matter, Plaintiff argued that he never received a Summons regarding the summary proceeding in this case. Plaintiff's argument was, essentially, that the default judgment is not valid because service of process was improper. The Court requested that Defendant provide proof of service, which defense counsel faxed to the Court on October 19, 2010. The proof of service shows that Plaintiff received proper notice of the state court summary proceeding. Specifically, the summons was mailed to Plaintiff's address on Boardwalk Drive, and a copy was also affixed to the main entrance of that location.

The Court has no evidence of improper service of process in this case. Thus, the Court has no reason to find the default judgment in this case invalid. Further, Michigan's exception to *res judicata* in summary proceedings is narrow, and Plaintiff's claim does not fall within it. Any challenge to the validity of the foreclosure sale should have been raised at the summary possession proceeding. Because this Court must give full faith and credit to the decisions of Michigan's state

5

courts in summary proceedings, Plaintiff's first claim is dismissed on the basis of *res judicata*.

## 2. Defendant's Second Argument

Next, Defendant contends that Plaintiff's second claim should be dismissed because he failed to allege sufficient facts to support a cause of action under the FCRA.

The Sixth Circuit has not yet recognized a private right of action under the FCRA in a published case. However, such a right was implied in the unpublished decision *Downs v. Clayton Homes, Inc.*, 88 Fed. Appx. 851, 853-54 (6th Cir. 2004). This private right of action has also been recognized in a recent published district court decision, cited in Defendant's brief: *Yaldu v. Bank of America Corp.*, 700 F.Supp. 2d 832 (E.D. Mich. 2010) (Lawson, J).

*Yaldu* involved a plaintiff who had defaulted on his real estate mortgage payments. *Id.* at *3. The plaintiff preempted foreclosure by suing Bank of America, which owned the plaintiff's mortgage. *Id*. Plaintiff claimed that Bank of America had intentionally misstated his income on the mortgage application so that he "could qualify for a loan he could not afford." *Id*. Specifically, the plaintiff claimed "defamation of credit and violation of the Fair Credit Reporting Act . . ." *Id*. at *4. The court held that, while a private cause of action does exist under the FCRA, the plaintiff's claim failed because it was not alleged properly in the complaint. *Id*. at *22-23. The court stated:

> In this case, there is no allegation that ... the plaintiff's credit has been unjustifiably marred, or that the plaintiff communicated his belief of the mistake to the credit reporting agencies. Therefore, the plaintiff's claim under the FCRA must fail.

*Yaldu*, 700 F. Supp. at *22-23.

The allegation in the present case has even less detail than the FCRA allegation in *Yaldu*. Plaintiff has only alleged that Defendant "placed incorrect information on [his] credit report." Notably, like in *Yaldu*, there is no allegation that the alleged incorrect information was

6

communicated to a credit reporting agency. Plaintiff has been on notice of this defect for more than 90 days, and yet he has failed to file anything with this Court. After the October 13, 2010 hearing, the Court allowed Plaintiff seven days to consult his attorney and file a pleading. Still, Plaintiff filed nothing with this Court. Therefore, Plaintiff's second claim will be dismissed.[3]

## VI. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is Granted.

SO ORDERED.

                                            s/Paul D. Borman
                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

Dated: November 3, 2010

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 3, 2010.

                                            s/Denise Goodine
                                            Case Manager

---

[3] Plaintiff's allegation could also be construed as a state law defamation claim. Defendant does not address this in its brief. However, if the claim is based on state law, it should still be dismissed under Fed. R. Civ. P. 12(b)(6). The FCRA requires proof of malice or intent to support a claim of defamation under state law, *Yaldu*, 700 F. Supp. at *23-24, and Plaintiff has not alleged any facts supporting malice or willful intent.